**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA BAKERY DRIVERS SECURITY FUND; et al., | No. 08-56450 |
| Plaintiffs - Appellees, | D.C. No. 2:03-cv-05550-R-RZ |
| v. | MEMORANDUM [*] |
| RICK MIDDLETON; et al., | |
| Defendants - Appellants. | |

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA BAKERY DRIVERS SECURITY FUND; et al., | No. 09-55081 |
| Plaintiffs - Appellees, | D.C. No. 2:03-cv-05550-R-RZ |
| v. | |
| RICK MIDDLETON; et al., | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Manuel L. Real, District Judge, Presiding

Argued and Submitted February 5, 2010
Pasadena, California

Before: WARDLAW and CALLAHAN, Circuit Judges, and SEDWICK,[**]
District Judge.

Bakery Drivers[1] sued South Bay[2] for breach of fiduciary duties under the

Employment Retirement Income Securities Act ("ERISA").  Bakery Drivers and

South Bay are multi-employer employee benefit plans.  From 1987 to 2001,

Bakery Drivers contracted with South Bay to provide its members with death and

dismemberment benefits in exchange for per-participant monthly payments.  In

*Trustees of the So. California Bakery Drivers Sec. Fund v. Middleton*, 474 F.3d

642 (9th Cir. 2007) (*Middleton I*), we held that South Bay breached its fiduciary

duty to Bakery Drivers by failing to apply surplus funds received under the

contracts for the exclusive benefit of plan participants.  On remand, the district

---

[**]     The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

[1]   Plaintiffs-Appellees Trustees of the Southern California Bakery Drivers Security Fund and Dirk Geersen are collectively referred to as "Bakery Drivers."

[2]   Defendants-Appellants South Bay Teamsters and Employers Health and Welfare and Related Benefits Trust Fund, Rick Middleton, Bob Doss, Ronn English and Perri Newell are collectively referred to as "South Bay."

court entered judgment, construing *Middleton I*'s mandate to prevent it from adjudicating South Bay's affirmative defenses. We affirm the district court.[3]

    **1.** Although the *Middleton I* mandate did not make this point explicitly, the district court should have decided the merits of South Bay's affirmative defenses. An appellate court's mandate leaves for the trial court's consideration any issue not expressly or impliedly resolved by the appellate court. *Firth v. United States*, 554 F.2d 990, 993-94 (9th Cir. 1977). We review de novo whether a district court has complied with its mandate. *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000). The *Middleton I* court decided only that South Bay breached its ERISA fiduciary duty. 474 F.3d at 646-47. South Bay's affirmative defenses were not briefed to the *Middleton I* court. They were not decided explicitly in the court's opinion or by necessary implication, as they were not logically or legally antecedent to the court's determination of breach. *Kellington*, 217 F.3d at 1094-95. Moreover, adjudicating the merits of the affirmative defenses does not conflict with *Middleton I*'s holding. *Wyler Summit P'ship v. Turner Broadcasting Sys., Inc.*, 235 F.3d 1184, 1193 (9th Cir. 2000).

---

    [3] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

**2.** South Bay's statute of limitation defense fails.[4] Under ERISA, Bakery Drivers had to commence its action within three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation. 29 U.S.C. § 1113. We first decide when the alleged breach occurred, then decide when the plaintiff had actual knowledge of the breach. *Ziegler*, 916 F.2d at 550. As a multi-employer plan, South Bay did not breach its fiduciary duties by commingling Bakery Drivers' payments with its other assets and using the payments to satisfy benefit claims from participants in other plans. *See Concrete Pipe & Prods. of California, Inc. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 605 (1993). Rather, it breached its fiduciary duties in May 2002, when it refused Bakery Drivers' request to refund the surplus after the parties' agreement concluded. Bakery Drivers brought suit within three years of the May 2002 date on which it had actual knowledge of the breach, so the suit was not barred by the statute of limitations.

**3.** South Bay's laches defense also fails. South Bay must show (1) inexcusable delay in Bakery Drivers' assertion of a known right; and (2) prejudice to South Bay. *See Trs. for Alaska Laborers-Const. Indus. Health & Sec. Fund v.*

---

[4] To the extent that the district court determined the ERISA statute of limitations issue, we review its determination de novo. *Ziegler v. Connecticut Gen. Life Ins. Co.*, 916 F.2d 548, 550 (9th Cir. 1990).

*Ferrell*, 812 F.2d 512, 518 (9th Cir. 1987).  South Bay cannot show that Bakery Drivers inexcusably delayed, because Bakery Drivers filed suit in August 2003, fifteen months after it gained actual knowledge of the breach of fiduciary duty.

**4.**     South Bay's unclean hands defense similarly fails.  The unclean hands doctrine bars recovery by a plaintiff (1) whose behavior is tainted with inequitableness or bad faith (2) that occurred in acquiring the right he now asserts. *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985).  Even assuming *arguendo* that Bakery Drivers erred in failing to report its payments to South Bay as assets in its annual governmental filing, Bakery Drivers did not act in bad faith or commit inequitable conduct.  Rather, it merely failed to claim as its own, before the parties' agreement ended, a surplus that might never have come into existence.  Moreover, even if this error "dirtied the hands" of Bakery Drivers, that error had no bearing on the right it now asserts – for South Bay to act as its fiduciary.  Both prongs of South Bay's unclean hands defense thus fail.

Accordingly, the judgment of the district court is **AFFIRMED**.